**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT<br>A Texas Limited Liability Partnership,<br><br>PLAINTIFF,<br><br>VS.<br><br>BRIAN E HILGEFORD,<br>ANIME HAUS AND<br>DOES 1 - 3<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. NO.: 4:14-cv-00625<br>JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Funimation Entertainment, by its attorney, files this Original Complaint and for cause, respectfully shows the Court as follows:

**INTRODUCTION**

1.  This is an action for copyright infringement by Plaintiff Funimation Entertainment. Plaintiff is seeking damages and injunctive relief for copyright infringement for the importation and distribution of merchandise that infringes Plaintiff's exclusive copyrights. The merchandise at issue consists of toys and apparel derived from Plaintiff's animated motion pictures and characters from Plaintiff's motion pictures. Visually, the similarities between Defendants' infringing merchandise and Plaintiff's copyrighted works are unmistakable. Even more blatantly, some of the merchandise is labeled with the titles of Plaintiff's motion pictures. Despite warnings to Defendants by Plaintiff and others in the industry, Defendants have continued their unlawful activities undeterred. Such behavior indicates that this infringement willful, and entitles Plaintiff to enhanced damages. Plaintiff is seeking statutory damages,

attorney's fees and injunctive relief.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under federal law. Specifically, this action arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Additionally, the Court has jurisdiction under 28 U.S.C. § 1338(a), which expressly confers original jurisdiction on a district court hearing a claim related to copyrights.

3.	Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. One location in which these events occurred is the George R. Brown Convention Center ("the Convention Center"), located at 1001 Avenida De Las Americas in Houston, Texas.

4.	This Court has personal jurisdiction over Defendants because Defendants' acts of copyright infringement occur in this District and because Defendants travel to this District to engage in the infringing acts at issue.

## PARTIES

5.	Plaintiff is an entertainment company, which produces, markets and distributes popular animated motion pictures and other media in the United States and numerous other territories. The majority of Plaintiff's catalog consists of animated motion pictures known as *anime*. Anime is a style of animation originating in Japan that was initially characterized by stark colors and high-action. Many of Plaintiff's titles are well known and easily recognizable in the United States. These titles include *Dragon Ball Z, One Piece, Attack on Titan, Hetalia: Axis Powers, Fairy Tail, Fullmetal Alchemist* and *Evangelion*. Plaintiff's titles have regularly broadcast on many major networks in the U.S., including FOX, Nickelodeon, IFC, Spike and

Cartoon Network. Additionally, Plaintiff's copyrighted content has served as the source for countless different types of merchandise, including action figures, collector figurines, clothing, accessories, plush toys, posters, wall scrolls and much more.

6. Plaintiff is the exclusive U.S. distributor and copyright owner of the motion pictures in question and the adapted works of merchandise derived therefrom. Plaintiff's rights were granted by written license from the creators of the motion pictures. These motion pictures have been and are being registered with the U.S. Copyright Office. Representative registrations relevant to the instant case include PA0001738056 for *One Piece – Episode 493: Luffy and Ace* and PA0001632919 for *Fullmetal Alchemist: Brotherhood: Episode 9, Created Feelings*.

7. Defendant Brian E Hilgeford is a merchant from Seattle, Washington. Anime Haus is the name of the entity through which Defendant Hilgeford sells merchandise at anime conventions around the country, including at least one in this District. Does 1 – 3 are associates, partners or employees of Anime Haus or Brian Hilgeford.

8. Plaintiff first became acquainted with Defendants' unlawful operation through the Anime Expo convention in Los Angeles, California where Defendants were selling unauthorized mouse pads bearing the image of the famous anime character "Nami" from Plaintiff's show *One Piece*. Plaintiff later learned of other complaints concerning the company. Notably, one blog dedicated to anime-related merchandise, stated, "www.anime-haus.com -- I spotted their booth at Sakura con and it was FULL of bootleg merchandise…"[1] (Sakura Con is an anime convention in Seattle, Washington, where Defendant's company is based.)

9. More recently, Defendants were kicked out of a convention in Denver, Colorado, known as Animeland Wasabi. Convention staff removed Defendant Hilgeford and his Anime

---

[1] *Black List*, from website **How a Girl Figures**. Available online at http://www.howagirlfigures.com/black-list/

Haus booth from the convention center on the first night of the convention due to several complaints from other vendors about Anime Haus' counterfeit merchandise.

## COUNT I: DIRECT INFRINGEMENT LIABILITY

10. Plaintiff realleges and reincorporates Paragraphs 1 through 9 as if fully set forth herein.

11. Defendants, without authorization from Plaintiff, regularly sell plush toys, messenger bags, mouse pads, watches, key chains and other merchandise embodying or distinctly derived from characters or artwork in Plaintiff's motion pictures, including *One Piece, Hetalia: Axis Powers, Attack on Titan, Fullmetal Alchemist* and *Fairy Tail*. They have sold this merchandise since at least 2010 through their online store and their booths at conventions around the country. These acts violate Plaintiff's exclusive copyright rights enumerated under 17 U.S.C. § 106.

12. Defendants have continued to distribute merchandise based on Plaintiff's copyrighted works after being informed that their merchandise was illegitimate.

## COUNT II: INFRINGING IMPORTATION

13. On information and belief, Defendants have imported, without Plaintiff's authorization, at least some of the merchandise in question. This, too, is a violation of Plaintiff's copyright rights, as described in 17 U.S.C. § 602.

## PRAYER FOR RELIEF

Plaintiff demands a jury trial and respectfully requests that the Court:

A. enter final judgment that Defendants are directly liable for distributing infringing merchandise.

B.     issue preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 against Defendants and their respective officers, agents, employees, and all other persons in active concert, cooperation, privity or participation with them, requiring that they cease and desist from further infringement of Plaintiff's copyrights in its works, and barring them from directly or indirectly infringing Plaintiff's copyrights or continuing to use, market, offer, sell, display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrights or to participate or assist in any such activity;

C.     issue preliminary and permanent injunctive relief, pursuant to 17 U.S.C. § 503, against Defendants and their respective officers, agents, employees, and all other persons in active concert, cooperation, privity or participation with them, enjoining them to deliver under oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, derivatives or duplicates of any work shown by the evidence to infringe upon any of Plaintiff's copyrights;

D.     award Plaintiff, pursuant to 17 U.S.C. § 504, statutory damages attributable to the infringement of Plaintiff's copyrights;

E.     issue an order requiring Defendants to deliver to Plaintiff at Defendants' cost, all items containing infringing elements of Plaintiff's works at the conclusion of the present matter;

F.     award Plaintiff its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

G.     award Plaintiff its costs of suit incurred herein; and

H.     grant Plaintiff such other and further relief as it deems just and equitable.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
Stone & Vaughan, PLLC
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
E-mail: evan@stonevaughanlaw.com